UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RAYMOND CHESTNUT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00012-JMS-MJD |
| | ) | |
| CHARLES DANIELS, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas Corpus and
Directing Entry of Final Judgment**

On December 12, 2016, petitioner Raymond Chestnut filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging 18 separate disciplinary hearings in Case No. 2:16-cv-0459-WTL-DKL. The Court determined that each disciplinary proceeding had the status of a separate court proceeding and ordered that 17 new habeas actions be filed. Thus, this action relates to Mr. Chestnut's challenge to the disciplinary proceeding that commenced with Report No. 2354388.

The respondent filed a return to order to show cause. Mr. Chestnut did not reply and the time to do so has passed. For the reasons explained in this Entry, Mr. Chestnut's habeas petition must be **denied**.

**A.   Legal Standards**

"Federal inmates must be afforded due process before any of their good time credits-in which they have a liberty interest-can be revoked." *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011). "In the context of a prison disciplinary hearing, due process requires that the prisoner receive (1) written notice of the claimed violation at least 24 hours before hearing; (2) an

opportunity to call witnesses and present documentary evidence (when consistent with institutional safety) to an impartial decision-maker; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Id.*; *see also Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974). In addition, "some evidence" must support the guilty finding. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016).

B.  The Disciplinary Proceeding Regarding Incident Report 2354388

An Incident Report dated September 25, 2012, charging Mr. Chestnut with violating Code 224, Assaulting Any Person, while was incarcerated at the FCI Bennettsville, South Carolina, stated the following:

> On September 21, 2012, at approximately 11:57am staff was escorting inmate Chestnut #13465-171 from rec yard to his cell. As we entere[d] C-upper range the inmate became very aggressive towards staff. Inmate Chestnut jerks away from Officer D. Moore as he was being escorted down range. At that time I assisted in placing the inmate on the wall to gain control of the inmate. Inmate Chestnut began to kick me in my lower abdominal area with his right foot. To prevent further injuries to staff we then place[d] the inmate on the floor to gain control of him.

Dkt. 20-16 at 6.

Mr. Chestnut was provided a copy of the Incident Report that same day. Dkt. 20-16 at 7. The investigating lieutenant informed Mr. Chestnut of his rights to which Mr. Chestnut acknowledged understanding by stating "yes." Mr. Chestnut was asked if he wanted to make a statement, to which Mr. Chestnut responded, "no comment." *Id.* Mr. Chestnut did not request any witnesses. *Id.*

Mr. Chestnut refused to appear before the Unit Disciplinary Committee on September 25, 2012, and refused to sign the waiver of appearance. Dkt. 20-16 at 8; dkt. 16 at 9. Mr. Chestnut first appeared before the Hearing Officer on October 5, 2012. At that time he requested his

property and legal materials from his previous institution (he had recently transferred) before he would proceed. Dkt. 20-16 at 12. He received his property on October 17, 2012. Mr. Chestnut re-appeared for a hearing on October 19, 2012. *Id.* The Hearing Officer advised Mr. Chestnut of his rights and confirmed that he did not request a staff representative. Dkt. 20-16 at 13. Mr. Chestnut then requested a staff member from USP Atlanta to serve as a witness. Dkt. 20-16 at 12. The Hearing Officer inquired as to the relevancy of the requested witness because the witness worked at USP Atlanta and the incident did not occur there. Mr. Chestnut's response was, "Oh you are denying me a witness. Fuck you, you are a mother fucker and I will beat you on appeal." *Id.* Mr. Chestnut gave no other statement and did not present any evidence. *Id.*

The Hearing Officer determined that Mr. Chestnut committed the assault as written in the Incident Report. Dkt. 20-16 at 14. The Hearing Officer indicated that this finding was supported by the reporting officer's written account of the events. *Id.* He also based his decision on the fact that such misconduct hampers staff's ability to control their areas of responsibility, interferes with maintaining proper inmate accountability, and threatens the security of the institution. *Id.* The Hearing Officer sanctioned Mr. Chestnut to sixty (60) days of disciplinary segregation, a loss of twenty-seven (27) days of good conduct time, nine (9) months loss of visits, and six (6) months loss of commissary. *Id.*

    **C.**    **Analysis**

Mr. Chestnut argues that his due process rights were violated during the disciplinary proceeding. His claims are that: 1) he did not receive a written copy of the Incident Report or notice of the charges; 2) he was not afforded an opportunity to call witnesses or present documentary evidence in his defense; and 3) after the hearing, he requested a copy of the Hearing Officer's findings and decision but was not provided a copy. Dkt. 6.

The record dispels Mr. Chestnut's first claim. Mr. Chestnut was given a copy of the Incident Report on September 21, 2012, at 4:45 pm, more than 24 hours before the hearing. Dkt. 20-16 at 7. No due process violation occurred under these circumstances.

An inmate's rights to call witnesses and present evidence are not unlimited in a disciplinary setting. "Prison authorities are not compelled to accept requests [to call witnesses] that threaten institutional goals or are irrelevant, repetitive, or unnecessary." *Donelson v. Pfister,* 811 F.3d 911, 918 (7th Cir. 2016) (internal quotation omitted). Here, Mr. Chestnut requested an Atlanta USP staff person as his witness but the incident at issue occurred in South Carolina. When asked how the witness could be relevant, Mr. Chestnut failed to offer any explanation. Rather, he cursed at the Hearing Officer and threatened to "beat [him] on appeal." Dkt. 20-16 at 12. Mr. Chestnut has not described what this potential witness would have said on Mr. Chestnut's behalf. Because he has shown no prejudice, any possible due process claim results in harmless error. *See Jones*, 637 F.3d at 846-47. Under these circumstances, the denial of this witness did not violate Mr. Chestnut's due process rights.

As to Mr. Chestnut's third claim, he alleges that he was prejudiced "as a matter of course," dkt. 6, but has failed to specify any prejudice from allegedly being denied a copy of the Hearing Officer's decision. Moreover, as the respondent has pointed out in the return to order to show cause, Mr. Chestnut has filed at least four other habeas petitions challenging this same incident in other districts, none of which were resolved on the merits, and he has thereby received multiple copies of the Hearing Officer's decision. As noted above, there being no prejudice, any possible due process claim results in harmless error. *See Jones*, 637 F.3d at 846-47.

Although Mr. Chestnut does not challenge the sufficiency of the evidence, "a hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison,* 820 F.3d at 274. The Court finds that the Incident Report satisfies the "some evidence" standard. The Hearing Officer's guilty finding is supported by sufficient evidence.

Mr. Chestnut was given adequate notice and had an opportunity to defend the charge. The Hearing Officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Chestnut's due process rights.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Chestnut to the relief he seeks. Accordingly, Mr. Chestnut's petition for a writ of habeas corpus relating to Report No. 2354388 must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/23/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

RAYMOND CHESTNUT
13465-171
EDGEFIELD FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 725
EDGEFIELD, SC 29824

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov